UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LINDA E. McLANE and THOMAS R. STROH, SR.,<br><br>　　　　Defendants. | Case No.  CV03-3384L<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant McLane's Motion for Summary Judgment Establishing her Right to Insurance Proceedings" (Dkt. # 13). Defendant Linda E. McLane ("McLane") moves for summary judgment to establish her right to the proceeds of the life insurance policy of her daughter, Brittany Louise McGlenn-Stroh ("McGlenn-Stroh"), which have been deposited in the registry of the Court. McGlenn-Stroh was murdered by her husband, Thomas Stroh, Jr. ("Stroh Jr."), who was killed in a car accident the next day. Stroh's father, Thomas Stroh, Sr. ("Stroh Sr."), and McLane, the respective beneficiaries of the estates of Stroh Jr. and McGlenn-Stroh, filed claims for the proceeds of McGlenn-Stroh's Servicemen's Group Life Insurance Family policy.

1	In her motion for summary judgment, McLane argues that, as the beneficiary of her
2 daughter's estate, she is entitled to the proceeds of her daughter's life insurance policy pursuant
3 to the "slayer's rule." See Prudential Ins. Co. v. Tull, 690 F.2d 848 (4th Cir. 1982).  Under the
4 "slayer's rule," a wrongdoer must not be allowed to benefit from his malfeasance. Id. at 849.
5 Tull applied this rule to a policy issued pursuant to the Servicemen's Group Life Insurance
6 Family Act.  Stroh Sr.'s claim to the proceeds of McGlenn-Stroh's life insurance policy is
7 premised on his son's entitlement to those proceeds prior to his death, in violation of the
8 "slayer's rule."  Stroh Sr., who was served in this matter but did not appear, did not respond to
9 this motion.
10	Pursuant to Local Rule CR 7(b)(2), a party's failure to oppose a motion "may be
11 considered by the court as an admission that the motion has merit."  Upon review of the merits
12 of matter, the Court concludes that McLane is entitled to summary judgment.  For these reasons,
13 IT IS HEREBY ORDERED that McLane's motion for summary judgment is GRANTED.
14 McLane must submit a motion pursuant to Local Rule GR 6(b) for disbursement of the funds
15 from the registry of the Court.

17	DATED this 24th day of March, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

-2-